BARNETTE, Judge.
This is an appeal by defendant Anatilda F. Jimenez from a summary judgment in favor of plaintiff, Chrysler Credit Corporation.
The facts of this case may be stated briefly. Plaintiff is the alleged holder in due course of a promissory note dated December 2, 1966, in the sum of $1,860.48, payable in 24 installments of $77.52 each to the order of bearer, and secured by a chat-, tel mortgage on a 1965 Chevrolet automobile. The alleged makers of the note are John B. Baldassari and defendant Anatilda F. Jimenez. After alleged nonpayment of the installments due on and after March 17, 1968, and pursuant to the confession of judgment contained in the chattel mortgage act, plaintiff obtained a writ of seizure and sale of the automobile. Pursuant thereto the vehicle was advertised and sold at judicial sale with benefit of appraisement. Suit was then filed by plaintiff against the makers of the note seeking a deficiency judgment for the amount allegedly due after the judicial sale.
Defendants answered the petition denying the indebtedness alleged and alleged that Anatilda Jimenez did not sign the promissory note and that her purported signature on the note and chattel mortgage were forgeries. Defendants also filed a reconventional demand for damages alleging embarassment, humiliation, and “malicious prosecution on the forged note” as a result of plaintiff’s efforts to collect on the note. Plaintiff then moved for a summary judgment “as prayed for in its petition.” Plaintiff attached to its motion the deposition of one of the two witnesses to the act of mortgage and the deposition of the agent who signed the act of “Sale and Chattel Mortgage” for the seller-mortgagee. It also attached an affidavit of an agent of *858 the plaintiff attesting to the plaintiff’s acquisition of the note in due course and the alleged balance due when the executory process was initiated.
The motion was filed on October 28, 1968, and was fixed for hearing on November 15, 1968. By consent of the parties there was a continuance until November 22, 1968, at which time the matter was argued. Up to that time defendants had submitted nothing to contest the motion for summary judgment other than to rely upon the allegations contained in their answer. The matter was again continued until December 6, 1968, to permit the defendants to file supporting affidavits or other evidence as they saw fit. When nothing further was done in the matter, summary judgment as prayed for by plaintiff in its petition was granted on December 9, 1968. Defendant Jimenez has appealed. The defendant Baldassari did not appeal.
The plaintiff-appellee argues that the defendant-appellant, having not filed opposing affidavits or other countervailing evidence, cannot rest on the mere allegations and denials in her pleadings, citing LSA-C.C.P. art. 967. It was primarily on this issue that the case was argued and briefed in this court.
We find it unnecessary to discuss this issue or the sufficiency of the depositions and affidavit upon which plaintiff relies for summary judgment since the record discloses other and more substantive reasons why the summary judgment cannot be maintained.
It is the duty of this court under the provisions of LSA-C.C.P. art. 2164 to render such judgment as is just, legal and proper upon the record on appeal. The record before us on this appeal discloses certain facts which clearly do not support the judgment appealed.
The affidavit of Joseph Schmalz, collection manager for plaintiff, contains the following statement of fact: “That payments on the said note were made until the payment due March 17, 1968, at which time there remained a balance of $1,011.67, which remained unpaid despite amicable demand.” From this sworn statement of fact, which is also alleged in plaintiff’s petition for executory process, it is apparent that 14 monthly installments of $77.52 had been paid on the note, thus leaving a balance due on March 17, 1968, of $775.20. Upon this calculation it appears that there was $236.47 less than the amount alleged, due and owing plaintiff when the executo-ry process was initiated. The addition of 25 percent for attorney’s fees computed on the basis of the alleged balance of $1,011.-67 rather than $775.20 results in a further overcharge of $59.13 for attorney’s fees.
The plaintiff alleged in its petition for deficiency judgment that there remained after the sale of the automobile a principal balance due of $211.67. If the foregoing calculations which we have made on the basis of plaintiff’s own pleadings and affidavit are correct, the unpaid balance on the note was more than paid by the proceeds of the sale, and there would remain no deficiency.
We should observe further that the judgment appealed includes interest at 8 percent from March 17, 1968. The note sued on does not provide for interest but does provide, “* * * a delinquency and collection charge on each instalment in default for 10 days or more in an amount not in excess of 5% of each such instalment, or $5, whichever is less, plus actual out of pocket expenses of collection not to exceed $150, and attorney’s fees of 25% * *
Finally we point out that the acceleration of maturity by the creditor requires the remission of the capitalized interest attributable to the 10-month period by which maturity was accelerated, Berger v. De-Salvo, 156 So.2d 323 (La.App.4th Cir. 1963).
For the foregoing reasons the judgment of December 9, 1968, is annulled as to the appellant, Mrs. Anatilda F. Jimenez. It is *859 further ordered that the case be remanded for further proceedings according to law.
The plaintiff-appellee is cast for the cost of this appeal. All other costs shall await final judgment.
Judgment annulled; remanded.